United States District Court
Southern District of Texas

**ENTERED**

July 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAN ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. H-26-1636 |
| | § | |
| VELOCITY COMMERCIAL | § | |
| CAPITAL, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are the Defendant's Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. 12(C) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) (Document No. 55), and Plaintiff's Motion for Leave to File Amended Complaint Out of Time (Document No. 58). Having considered the motions, submissions, and applicable law, the Court determines that Plaintiff's motion should be denied and that Defendant's motion should be granted.

## I. BACKGROUND

This is a matter arising out of a mortgage dispute. Plaintiff Saran Adams owns two pieces of property mortgaged through Defendant Velocity Commercial Capital, LLC ("Defendant"). The properties are located at 6410 Paris Street, Houston, Texas 77021 ("Property One") and 7059 Reed Road, Houston, Texas 77087 ("Property Two"). Plaintiff alleges that "Defendant engaged in the unauthorized securitization

of Plaintiff's mortgage" and that "the mortgage contract and foreclosure actions are based on fraud, concealment of material terms, and violations of federal consumer protection laws[.]"[1]

Based on the foregoing, on May 9, 2025, Plaintiff brought suit in the United States District Court for the Central District of California, pursuant to federal question jurisdiction, asserting claims against Defendant for: (1) violation of the Truth in Lending Act ("TILA"); (2) violations of the Real Estate Settlement Procedures Act ("RESPA"); (3) fraud under California Civil Code § 1572; (4) conversion; and (5) declaratory judgment.[2] On October 10, 2025, the matter was transferred to this Court.[3] On May 20, 2026, Defendant moved to dismiss for lack of subject matter jurisdiction.[4] On May 21, 2026, Plaintiff responded in opposition.[5] On July 3, 2026, Defendant moved for judgment on the pleadings.[6] On July 6, 2026,

---

[1] *Plaintiff's Complaint*, Document No. 1 at 1.

[2] *See Plaintiff's Complaint*, Document No. 1 at 2.

[3] *See Order Transferring Case*, Document No. 24 at 1.

[4] *See Motion to Dismiss for Lack of Subject Matter Jurisdiction, Pursuant to Fed. R. Civ. P. 12(b)(1)*, Document No. 33 at 1.

[5] *See Plaintiff's Omnibus Response in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 42 at 1.

[6] *See Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. 12(C) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)*, Document No. 55 at 1.

Plaintiff responded in opposition.[7] On that same day, Plaintiff moved for leave to amend her Complaint.[8]

## II. STANDARD OF REVIEW

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*,

---

[7] *See Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleading*, Document No. 57 at 1.

[8] *See Plaintiff's Motion for Leave to File Amended Complaint Out of Time*, Document No. 58 at 1.

3

369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

The Court will consider, in turn, Plaintiff's motion for leave to amend followed by Defendant's motion for judgment on the pleadings. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*A. Plaintiff's Motion for Leave to Amend (Document No. 58)*

Plaintiff moves for leave to file an amended complaint. The Court notes that this is Plaintiff's second request for leave to file an amended complaint. Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course no later than 21 days after service. *See* Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2).

4

Here, the Court previously construed Plaintiff's response in opposition to Defendant's present motion to dismiss as a motion for leave to amend.[9] Plaintiff now seeks leave to amend for the second time in this matter. On June 18, 2026, the Court ordered, in response to Plaintiff's first request for leave, "that Plaintiff's Request for Leave to Amend (Document No. 42) is GRANTED IN PART for the limited purpose of asserting diversity jurisdiction."[10] The Court further ordered that Plaintiff's amended complaint "be submitted NO LATER THAN SEVEN DAYS FROM THE DATE OF THIS ORDER."[11] As such, Plaintiff's amended complaint was due on June 25, 2026. Despite this, Plaintiff failed to file an amended complaint in accordance with the Court's June 18, 2026, Order. Given the clear language of the Federal Rules of Civil Procedure, and Plaintiff's failure to comply with the Court's June 18, 2026, Order, the Court finds that Plaintiff's present motion for leave to amend should be denied. Based on the foregoing, the Court finds that the operative

---

[9] *See Plaintiff's Omnibus Response in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Request for Jurisdictional Discovery, Request for Leave to Amend, Notice Regarding Defendant's Disclosure of U.S. Bank Trustee Trusts, and Notice of Non-Waiver Regarding Foreclosure Removal*, Document No. 42 at 14 [hereinafter *Plaintiff's Response*] (Requesting that the Court "[a]lternatively, grant Plaintiff leave to amend jurisdictional allegations under 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15(a)(2)[.]").

[10] *Order Granting in Part Plaintiff's Request for Leave to Amend*, Document No. 51 at 2.

[11] *Order Granting in Part Plaintiff's Request for Leave to Amend*, Document No. 51 at 2.

5

complaint in this matter is Plaintiff's Original Complaint. The Court will now consider Defendant's motion for judgment on the pleadings.

*B. Defendant's Motion for Judgment on the Pleadings (Document No. 55)*

Defendant moves for "Judgment on the Pleadings, because even taking the allegations of the original Complaint to be true, the Plaintiff's pleadings fail to state a cause of action or any plausible claim for relief and should be dismissed."[12] Plaintiff offers limited rebuttal stating that: 1. "genuine fact issues exists[;]" 2. "the forgery destroys the commercial exemption[;]" and 3. "diversity jurisdiction is properly asserted[.]"[13] The Court will now consider the merits of Plaintiff's claims beginning with Plaintiff's RESPA and TILA claims followed by Plaintiff's fraud and conversion claims.

*1. RESPA and TILA Claims*

Defendant contends that the statute of limitations has run for Plaintiff's RESPA and TILA claims.[14] Plaintiff's response offers limited rebuttal with respect to Defendant's statute of limitations arguments contending that "[a]s a Native

---

[12] *Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. 12(C) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)*, Document No. 55 at 1–2.

[13] *Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings*, Document No. 57 at 1.

[14] *Memorandum Brief in Support of Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. Rule 12(c) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)*, Document No. 56 at 8–11.

American, the federal courts owe Plaintiff a distinct, historical obligation of trust and protection over her property assets" and that "her name and signature were placed on these contract instruments without her knowledge, consent, or legal authorization."[15] The Court notes the applicable statutes of limitation for Plaintiff's claims.[16] The Court has reviewed Plaintiff's Complaint in this matter and notes that Plaintiff alleges that she "executed a mortgage contract on or about [Insert Original Mortgage Date]."[17] Despite Plaintiff's failure to plead the dates of the applicable mortgages, the Court has conducted its own review and notes that the mortgages

---

[15] *Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings*, Document No. 57 at 1–2. In support of her contention, Plaintiff relies on *Seminole Nation v. United States*, 316 U.S. 286, 296–97 (1942), which states, in relevant part that "this Court has recognized the distinctive obligation of trust incumbent upon the Government in its dealings with these dependent and sometimes exploited people." The Court notes that the Defendant in this matter is a private company, not the Government. Accordingly, the Court finds that *Seminole Nation* is inapplicable here.

[16] The applicable statute of limitations for RESPA claims is either three years or one year and begins to run on either the date of the transaction or the date of the alleged violation. *See* 15 U.S.C. § 2614. The applicable statute of limitations for TILA claims is one year after the violation. *See* 15 U.S.C. § 1640(e).

[17] *Plaintiff's Complaint*, Document No. 1 at 2 (noting Plaintiff's failure to plead when the original mortgage was entered).

7

were entered into on December 23, 2021 and April 18, 2022.[18] To the extent that Plaintiff contends these mortgages were entered into without her knowledge, the Court notes that the mortgages were publicly recorded on December 27, 2021, and April 19, 2022.[19] Based on the foregoing, the Court finds that, even assuming that the statutes of limitations began to run on the later recording dates, and that the longest three-year period is applicable, the statutes of limitations have already run on Plaintiff's RESPA and TILA claims. As such, the Court finds that Defendant's motion for judgment on the pleadings should be granted with respect to Plaintiff's RESPA and TILA claims. The Court will now consider Plaintiff's conversion claim.

### 2. Conversion Claim

With respect to Plaintiff's claim for conversion, Plaintiff contends, in relevant part, that "Defendant exercised unauthorized dominion and control over Plaintiff's property rights[.]"[20] Defendant contends, in relevant part, that "the conversion claim

---

[18] *Memorandum Brief in Support of Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. Rule 12(c) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)*, Document No. 56, Exhibit A at 1 (Property Two Deed of Trust Assignment) (noting that the mortgage was dated 12/23/2021 and recorded on 12/27/2021); *Memorandum Brief in Support of Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. Rule 12(c) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)*, Document No. 56, Exhibit B at 1 (Property One Deed of Trust Assignment) (noting that the mortgage was dated 4/18/2022 and recorded on 4/19/2022).

[19] *Property Two Deed of Trust Assignment*, *supra* note 17 at 1; *Property One Deed of Trust Assignment*, *supra* note 17 at 1.

[20] *Plaintiff's Complaint*, Document No. 1 at 2.

... is also barred by the two (2) year statute of limitations, because Plaintiff did not file her Complaint until May 9, 2025, more than two (2) years after either date in September of 2022[.]"[21] Plaintiff offers no rebuttal as to this specific contention. The Court notes the applicable statutes of limitations.[22] The Court has reviewed the record in this matter and notes that both assignments, from which Plaintiff's conversion claims arise, were recorded in September of 2022. The Court further notes that Plaintiff's Complaint was filed on May 9, 2025. Based on the foregoing, and the clear language of the applicable statute of limitations, the Court finds that Plaintiff's conversion claim is time-barred, and thus, that Defendant's motion for judgment on the pleadings should be granted with respect to this claim. The Court will now consider the merits of Plaintiff's fraud claim.

### 3. Fraud Claim

The Court notes that Defendant does not specifically move for judgment on the pleadings with respect to Plaintiff's fraud claim. However, the Court notes that Defendant "incorporates by reference all of the arguments and authorities previously

---

[21] *Memorandum Brief in Support of Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. Rule 12(c) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)*, Document No. 56 at 12.

[22] The statute of limitations for a conversion claim in Texas is two years. Tex. Civ. Prac. & Rem. Code § 16.003.

stated[.]"[23] Defendant previously contended that Plaintiff's fraud claim should be dismissed under a 12(b)(6) standard because "Plaintiff fail[ed] to plead fraud with particularity[.]"[24] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Here, Defendant contends that Plaintiff's fraud claim should be dismissed because "Plaintiff fails to allege the 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby[.]'"[25] Plaintiff offers limited rebuttal on this point. The Court has reviewed Plaintiff's Complaint and notes that Plaintiff's fraud claim consists entirely of the following allegation: "Defendant knowingly withheld material facts and engaged in false misrepresentations."[26] Furthermore, the extent of the facts supporting such allegation are that "Defendant failed to disclose this [referring to the transfer of the mortgage] material fact, constituting a TILA violation

---

[23] *Memorandum Brief in Support of Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. Rule 12(c) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)*, Document No. 56 at 1.

[24] *Memorandum Brief in Support of Motion to Dismiss, Pursuant to Rule 12(b)(5) and Rule 12(b)(6)*, Document No. 52 at 16.

[25] *Memorandum Brief in Support of Motion to Dismiss, Pursuant to Rule 12(b)(5) and Rule 12(b)(6)*, Document No. 52 at 17.

[26] *Plaintiff's Complaint*, Document No. 1 at 2.

and fraud."[27] Based on the foregoing, and the clear requirements of the Federal Rules requiring fraud to be pleaded with specificity, the Court finds that Plaintiff's conclusory allegations of fraud and minimal facts in support are insufficient to meet the requirements of Federal Rule of Civil Procedure 9(b). As such, the Court finds that Defendant's motion should be granted, and thus, Plaintiff's fraud claim dismissed.[28]

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion for Leave to File Amended Complaint Out of Time (Document No. 58) is **DENIED**. The Court further

**ORDERS** that Defendant's Motion for Judgment on the Pleadings, Pursuant to Fed. R. Civ. P. 12(C) and/or Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) (Document No. 55) is **GRANTED**.

---

[27] *Plaintiff's Complaint*, Document No. 1 at 2.

[28] To the extent Plaintiff attempts to bring an independent cause of action for declaratory judgment, the Court notes that the Declaratory Judgment Act does not create an independent cause of action. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). In addition, considering the Court's findings relating to Defendant's motion for judgment on the pleadings, the Court declines to consider Defendant's remaining arguments related to dismissal under Rule 12(b)(7). Furthermore, considering the Court's finding that Defendant's motion for judgment on the pleadings should be granted, the Court declines to consider *Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)*, Document No. 33, and finds that the motion should be denied as moot.

11

**ORDERS** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Document No. 33) is **DENIED AS MOOT**. The Court further

**ORDERS** that all other pending motions in this matter are hereby **DENIED AS MOOT**. The Court further

**ORDERS** that Plaintiff Saran Adams's claims against Defendant Velocity Commercial Capital, LLC, are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this _16_ day of July, 2026.

DAVID HITTNER
United States District Judge

12